IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JULIE LAMARRE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-02232 |
| | ) | |
| v. | ) | The. Hon. Judge |
| | ) | |
| LAKE COUNTY FOREST PRESERVE DISTRICT, | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

JULIE LAMARRE ("Plaintiff" or "Lamarre"), by and through her undersigned counsel, Cass Thomas Casper, Esq., DISPARTI LAW GROUP, P.A., complains as follows against the LAKE COUNTY FOREST PRESERVE DISTRICT ("Defendant").

## NATURE OF THE CASE

1. This is a claim by Plaintiff against Defendant for violations of the Equal Pay Act and Title VII of the Civil Rights Act of 1964 based upon discrimination in the rate of pay on the basis of sex between Plaintiff, who is a female Network Administrator for Defendant, and Jeffort Kalupski ("Kalupski"), who is a male Network Administrator for Defendant.

2. At all times relevant since in or about July 2011, Plaintiff has been paid at or near nearly $4.00 per hour less than Kalupski because of her sex, female, despite that Plaintiff has performed equal work on jobs requiring equal skill, effort, and responsibility, and which have been performed under similar working conditions.

3. Plaintiff seeks an equalization of her compensation with that of Kalupski, and the lost

pay and benefits differential between herself and Kalupski since July 2011, or otherwise since a date determined by this Court, in addition to reasonable attorneys' fees and costs associated with bringing this litigation.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"), as well as under the Equal Pay Act of 1963, 29 U.S.C. § 206(d), *et seq.*, as amended ("Equal Pay Act" or "Act").

5. Supplemental jurisdiction exists over the state law Illinois Human Rights Act ("IHRA") count pursuant to 28 U.S.C. § 1367 because the state law count is so related to the other claims in this action so as to form part of the same case or controversy.

6. Venue is proper under 28 U.S.C. § 1391 because the events and omissions giving rise to the claims herein have occurred in this judicial district, and because Defendants maintain places of operation within this judicial district.

## PARTIES

7. Plaintiff is a legal adult, a resident of this judicial district, and, at all times relevant, has been an employee of the Defendant within the meaning of the Fair Labor Standards Act and Title VII.

8. Defendant is a unit of local government located within Lake County, Illinois and within this judicial district.

9. Defendant is engaged in an industry affecting commerce and has at all times relevant had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current and preceding calendar years.

10. Defendant is an "employer" within the meaning of Title VII.

11. Defendant is an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and, therefore, is also an "employer" within the meaning of the Equal Pay Act, 29 U.S.C. § 206(d).

## ADMINISTRATIVE PREREQUISITES

12. Plaintiff filed a Charge of Discrimination ("Charge") on November 19, 2020 that was subsequently assigned EEOC Number 440-2020-06859. A true and accurate copy of such Charge is attached hereto as Exhibit 1.

13. Plaintiff's Charge alleged that the Defendant at all relevant times held the title of Network Administrator, and that she was subjected to a lower rate and quantum of pay than a male comparator in the same job title. *See* Exhibit 1.

14. Plaintiff's Charge alleged that, due to the pay disparity, she suffered gender discrimination in violation of Title VII and a violation of the Equal Pay Act. *See* Exhibit 1.

15. On November 19, 2021, Plaintiff requested a right to sue letter from the EEOC in light of more than 180 days having passed since the filing of the Charge and pursuant to her right to request such a letter pursuant to 29 C.F.R. § 1601.28(d)(2) and § 1601(a)(1). *See* Exhibit 2.

16. On February 1, 2022, Plaintiff received a right to sue letter from the Civil Rights Division of the U.S. Department of Justice on her Charge 440-2020-06859. A true and accurate copy of Plaintiff's right to sue letter is attached hereto as Exhibit 3.

17. All administrative prerequisites to filing this lawsuit have been exhausted, and Plaintiff timely files this suit within 90 days of receipt of her right to sue letter.

## STATEMENT OF FACTS

18. At all times relevant since in or about July 2011, Plaintiff has held the job title of

Network Administrator with Defendant.

19. A male employee, Kalupski, also holds the job title of Network Administrator with Defendant.

20. In or about July 2011, Defendant approved a job reclassification in Defendant's IT Department, which led the conversion of Plaintiff's Technical Support Analyst job to Network Administrator with expanded and changed duties, and which further led to the alignment of Kalupski's Network Administrator job duties with those of Plaintiff's.

21. Since that time, Plaintiff's job title encompasses broad information technology duties, including, but not limited to, installing and maintaining district servers; installing, deploying and maintaining district email communication systems; and, maintaining and updating telecommunications systems, network infrastructure, and network security.

22. Kalupski's job title encompasses the same functions as Plaintiff's.

23. Despite the similarity of their job duties since July 2011, Kalupski has been consistently paid at a higher base hourly rate than Plaintiff, with their comparative pay being as follows over previous years:

   a. LaMarre as of 7/1/2018: $37.89

   b. Kalupski as of 7/1/2018: $41.49

   c. LaMarre as of 7/1/2019: $39.03

   d. Kalupski as of 7/1/2019: $42.73

   e. LaMarre as of 7/1/2020: $40.10

   f. Kalupski as of 7/1/2020: $43.90

24. Plaintiff's job duties encompass at least the following responsibilities: upgrading

centralized telecommunications system from a PBX digital telecommunications system connected to a true VoIP Solution; upgrading and maintaining servers, support of telephones, voicemail, and facsimile services; replacement of district servers on schedule every five years, which consists of creating the hardware build and purchasing equipment with approved vendors in accordance with the district purchasing policies; and installing and configuring associated software and proving ongoing maintenance and support of servers; research, implementation and support of district wide work request systems used to create work request for various departments including Information Technology, Operations & Infrastructure, Public Affairs, Finance, Lake County History Archives.

25. Kalupski's job duties encompass the same job duties as Plaintiff's functions listed herein.

26. Plaintiff and Kalupski work in the same office location in the Defendant's General Offices, and both report to the same supervisor, Debbie Boness.

27. Plaintiff and Kalupski are both at-will employees, and both are subject to identical rules, regulations, policies, and procedures of the Defendant.

28. Plaintiff and Kalupski have the same working hours, the same schedules, and the same day off groups.

29. Plaintiff and Kalupski are subject to the same dress code.

30. Plaintiff and Kalupski have generally attended the same training classes.

31. Plaintiff and Kalupski have comparable educational background.

32. Plaintiff has raised the issue of the pay disparity numerous times to the Defendant including shortly after the job reclassification in 2011, without Defendant correcting the disparity and providing her back pay and benefits for it.

33. Plaintiff repeatedly brought the concerns about the pay disparity to her supervisors to no

avail.

34. Defendant on numerous occasions led Plaintiff to believe that the problem would be resolved, but then it was not resolved and the pay disparity continued up until the present.

35. As a further example, when Plaintiff asked for the results of a pay study the District claimed it completed, Mary Kann, Director of Administration, responded to Plaintiff that she was fine and had nothing to worry about and that the pay study would explain it, although that supervisor could not give Plaintiff access to the pay study.

36. Plaintiff subsequently asked Human Resources about seeing the pay study, and received push back and inquiries about why she needed to see it.

37. Too, before the EEOC during Charge proceedings, Defendant shifted its primary explanation for the discrepancy from time-in-title, to now claiming that Plaintiff's job functions encompass merely "telecommunications" support and Kalupski's broader network functions.

38. Defendant's shifted explanation about job content in its EEOC statement continued to be wholly false and incorrect in that Plaintiff on a daily basis performs the wide variety of IT functions and support alleged herein and that are identical to those functions performed by Kalupski.

39. As a result of the foregoing, Plaintiff has suffered a violation of the Equal Pay Act as well as gender discrimination under Title VII.

40. Plaintiff seeks full back pay and benefits up to the differential between her and Kalupski, as well as an order requiring the Defendant to match her rate of pay with that of Kalupski on an ongoing basis, reasonable attorney's fees, costs, and all other available appropriate relief.

## **COUNT 1 – VIOLATION OF THE EQUAL PAY ACT OF 1963**
(Plaintiff v. Defendant)

41. Plaintiff realleges, restates, and incorporates by reference Paragraphs one through thirty-nine of this Complaint as if fully restated herein.

42. The Equal Pay Act provides that "[n]o employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided*, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee." 29 U.S.C. § 206(d)(1).

43. "In determining whether two jobs are equal, the crucial inquiry is 'whether the jobs to be compared have a 'common core' of tasks, *i.e.*, whether a significant portion of the two jobs is identical.'" *Fallon v. Illinois*, 882 F.2d 1206, 1209 (7th Cir. 1989).

44. By way of example, two sixth-grade music teachers, having the same credentials and experience, teaching classes of roughly the same size in roughly comparable public schools in the same school district is the kind of circumstance in which the Equal Pay Act provides relief. *Buntin v. Breathitt County Board of Education*, 134 F.3d 796, 797 (6th Cir. 1998).

45. Plaintiff is female Network Administrator for the Defendant.

46. Kalupski is a male Network Administrator for the Defendant.

47. At all times relevant, Plaintiff has performed and performs equal work as Kalupski and that requires equal skill, effort, and responsibility.

48. Kalupski's job duties encompasses all of the same job duties as Plaintiff's.

49. Despite the equal work performed by Plaintiff and Kalupski, Kalupski has been paid, and continues to be paid, at a higher rate of pay as follows:

    a. LaMarre as of 7/1/2018: $37.89

    b. Kalupski as of 7/1/2018: $41.49

    c. LaMarre as of 7/1/2019: $39.03

    d. Kalupski as of 7/1/2019: $42.73

    e. LaMarre as of 7/1/2020: $40.10

    f. Kalupski as of 7/1/2020: $43.90

50. At all times, Plaintiff and Kalupski have the same amount of experience in their current Network Administrator job titles, which were both given their current content during the reclassification in July 2011.

51. Both Network Administrator positions require the same level of education.

52. Both Network Administrator positions require the same level of experience.

53. Both Network Administrator positions require the same level of training.

54. Both Network Administrator positions require the same level of ability.

55. Both Network Administrator positions require the same amount of effort.

56. As a matter of duties actually performed in each position, both Network Administrator positions involve the same level of responsibility, for the same systems, technology, and security functions.

57. At all times relevant, Plaintiff and Kalupski have similar working conditions, including

working the same office, in the same building, being subject to all of the same performance standards, rules, regulations, policies, and handbooks, working the same shift, the same schedule, with the same day off group, and having the same supervisors.

58. The pay disparity between Plaintiff and Kalupski at no time has been due to a bona fide seniority system.

59. The pay disparity between Plaintiff and Kalupski at no time has been due to a bona fide merit system.

60. The pay disparity between Plaintiff and Kalupski at no time has been due to any measurement of earnings by quantity or quality of production.

61. Experience does not explain the pay differential between Kalupski and Plaintiff, both of whom have the same time in the reclassified Network Administrator title since July 2011.

62. At all times, Plaintiff has the same or greater skill and responsibility as Kalupski, and, at times, has worked with greater skill and responsibility as Kalupski, such as the VLAN issue in the Operations Building that Plaintiff correctly troubleshooting while Kalupski did not.

63. No factor other than gender explains the pay disparity between Plaintiff and Kalupski.

64. Defendant has shifted its rationale for paying Kalupski at a higher rate than Plaintiff throughout its interactions with Plaintiff on the issue, and in its EEOC position statement, creating an inference that its disparity is because of Plaintiff's gender.

65. Plaintiff has suffered damages, to include, but not limited to, lost pay, lost benefits, a wage differential, and attorney's fees and costs.

66. Based on the foregoing, Plaintiff has suffered discrimination in pay based upon her sex in violation of the Equal Pay Act.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in her favor, and against Defendant, and enter and order all appropriate relief, including, but not limited to, lost pay and benefits to the extent of the differential between Plaintiff and Kalupski between July 7, 2011 and the date of final judgment in this case, or from a date determined by the Court to the date of final judgment in this case, an order requiring Defendant to pay Plaintiff at the same rate as Kalupski going forward, reasonable attorney's fees and costs, and all other available and appropriate relief that this Court finds just and proper.

**COUNT 2 – GENDER DISCRIMINATION IN VIOLATION OF TITLE VII**
(Plaintiff v. Defendant)

67. Plaintiff realleges, restates, and incorporates by reference Paragraphs one through thirty-nine of this Complaint as if fully restated herein.

68. Plaintiff is female.

69. At all times relevant, Plaintiff has met the legitimate expectations of Defendant.

70. Plaintiff has suffered an adverse employment action in that the Defendant has failed and refused to provide her pay equal to Kalupski despite that she performs equal work and despite that she has asked for a pay adjustment on numerous occasions since 2011, including each and every year thereafter up to and including the years 2017, 2018, 2019, 2020, and 2021.

71. Defendant has treated Network Administrator Kalupski, a male, more favorably than Plaintiff by paying him at a higher rate of pay despite that he performs equal work to Plaintiff at a less skillful level.

72. At no time has Defendant proffered a legitimate, true reason for the pay differential between Plaintiff and Kalupski and, in fact, it has shifted the focus of its explanations from time-in-title (untrue anyway) to primary job responsibilities (also untrue).

73. Defendant has also treated Plaintiff in belittling and mocking fashion about her pay

inquiries brushing off her concerns with statements such as "You're fine Jule," not allowing her access to the pay foundationless pay study, and otherwise minimizing and short-shrifting her concerns.

74. Plaintiff has suffered damages, to include, but not limited to, lost pay, lost benefits, a wage differential, compensatory damages, and attorney's fees and costs.

75. Based on the foregoing, Plaintiff has suffered discrimination based upon her sex in violation of Title VII

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in her favor, and against Defendant, and enter and order all appropriate relief, including, but not limited to, compensatory damages in an amount up to $300,000 or as determined by a jury, lost pay and benefits to the extent of the differential between Plaintiff and Kalupski between July 7, 2011 and the date of final judgment in this case, or from a date determined by the Court to the date of final judgment in this case, reasonable attorney's fees and costs, and all other available and appropriate relief that this Court finds just and proper.

**JURY TRIAL DEMANDED**

*Electronically filed: April 29, 2022*

                                                      Respectfully submitted,

                                                      JULIE LAMARRE

                                                      BY:   */s/ Cass T. Casper*

                                                                  Her Attorney

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
Phone: (312) 506-5511 ext. 331
Email: ccasper@dispartilaw.com